UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLES JACKSON,

        Petitioner

  v.                              C-1-04-448

TIM BRUNSMAN,[1]

        Respondent

## ORDER

This matter was referred pursuant to 28 U.S.C. § 636 to the United States Magistrate Judge for consideration and report on the Petition for Writ of Habeas Corpus filed by the petitioner pursuant to 28 U.S.C. § 2254. The matter is before the Court upon the Report and Recommendation of the Magistrate Judge (doc. no. 19) recommending that the Petition for Writ of Habeas Corpus be denied, and upon petitioner's objections thereto (doc. nos. 20, 22 and 23). Petitioner also filed a Motion for Extension of Time to File Objections on July 20, 2006 (doc. no. 21) which is deemed moot.

---

[1] In the original petition, petitioner properly named as respondent James Erwin, who was then Warden of Chillicothe Correctional Institution (CCI), where petitioner is incarcerated. However, since the time petitioner instituted this action, James Erwin was replaced by Tim Brunsman as CCI's Warden. Because Tim Brunsman is the individual who currently has custody of petitioner, the caption of this case is hereby changed to reflect the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

# REPORT AND RECOMMENDATION

Petitioner, who is in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, as amended (see Docs. 1, 4, 9, 10); respondent's "Answer And Return Of Writ" with exhibits, including the trial transcript (Doc. 5); respondent's supplemental response to the amended petition (Doc. 12); and petitioner's "traverse" briefs in reply to respondent's pleadings (Docs. 6, 14).

## Factual And Procedural Background

On August 20, 2001, the Hamilton County, Ohio, grand jury returned a 51-count indictment charging petitioner with a number of crimes, which included engaging in a pattern of corrupt activity in violation of Ohio Rev. Code § 2923.32(A)(1) (Count 1); failure to comply with an order or signal of a police officer in violation of Ohio Rev. Code § 2921.331(B) (Count 2); theft and attempted theft in violation of Ohio Rev. Code §§ 2913.02(A)(3) and 2923.02(A) (Counts 3, 5, 14, 19, 23, 31, 35, 41, 43, 47, 49); and forgery in violation of Ohio Rev. Code § 2913.31(A)(3) (Counts 4, 6-13, 15-18, 20-22, 24-30, 32-34, 36-40, 42, 44-46, 48, 50-51). (Doc. 5, Ex. 2).

3

On January 29, 2002, during the presentation of the State's case at trial, petitioner pleaded guilty to the charges contained in Count 1, a second degree felony; Count 2, a third degree felony; and Counts 31 and 47, fifth degree felonies. (*Id.,* Ex. 6). On March 6, 2002, petitioner was sentenced to consecutive terms of imprisonment of seven (7) years for the engaging in a pattern of corrupt activity offense charged in Count 1 and three (3) years for the failure to comply with an order or signal of a police officer offense charged in Count 2; petitioner was also sentenced to eleven (11) month prison terms for the theft offenses charged in Counts 31 and 47, to be served concurrently with each other and to the sentence imposed on Count 1. (*Id.,* Ex. 9). The remaining counts of the indictment were dismissed pursuant to the parties' plea agreement. (*Id.,* Ex. 11).

With the assistance of new counsel, petitioner filed a timely notice of appeal to the Ohio Court of Appeals, First Appellate District. (*Id.,* Ex. 13). Thereafter, on December 16, 2002, petitioner's trial counsel filed an appellate brief raising three assignments of error: (1) the trial court committed prejudicial error "by imposing a seven year prison sentence on a felony of the second-degree when such a sentence was not supported by the law or the facts of the case;" (2) the trial court committed prejudicial error when it sentenced petitioner to a three-year prison term "on a felony of the third-degree when such a sentence was not supported by the law or the facts of the case;" and (3) the trial court committed prejudicial error amounting to a denial of due process at petitioner's sentencing hearing, by "considering factors that were not relevant to the charges." (*Id.,* Ex. 14). On March 12, 2003, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment of conviction. (*Id.,* Ex. 16).

4

Petitioner's trial counsel timely appealed to the Ohio Supreme Court, asserting as propositions of law the same claims of error that had been raised on direct appeal to the Ohio Court of Appeals. (*Id.,* Exs. 17-18). On July 2, 2003, the state supreme court declined jurisdiction to hear the case and summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.* Ex. 20).

The instant federal habeas corpus action commenced on July 7, 2004. (Doc. 1). In the original petition, signed June 23, 2004, petitioner alleges two grounds for relief, which petitioner supplemented with evidentiary documents in an "Amendment" filed August 4, 2004 (*see* Doc. 4).

> **Ground One:** The State of Ohio violated Petitioner['s] due process rights by depriving the sentencing hearing of fundamental fairness by opposing terms of the plea.
>
> **Supporting Facts:** The State of Ohio submitted prejudicial material and exhibits to the sentencing court that went in direct opposition to factors and racketeering acts that it originally agreed with Jackson that induced his guilty pleas. Such non-relevant inflammatory material appended to Jackson's Presentence Investigation Report raised reasonable inferences that his involvement and culpability [were] much more extensive than contained in the stipulated plea agreement. Where in such instance the State of Ohio represented elements beyond the scope of the said plea agreement.
>
> **Ground Two:** The sentencing court of Hamilton County, Ohio violated Petitioner's due process rights of fundamental fairness when it considered improper and irrelevant facts in passing sentence.
>
> **Supporting Facts:** The sentencing court . . . explicitly relied upon improper and material false factors in structuring Petitioner's sentence. The sentencing court below considered the State's position to be correct in terms when it claimed that Petitioner had extensive involvement in said organization, despite evidence from trial which outlined a[] completely different scenario. The sentencing court adopted the State's position that Petitioner had been convicted of numerous

crimes and thus the court below declared that it was sentencing a "career criminal" when not supported by the material record and law.

(Doc. 1, p. 5).

On September 8, 2005, petitioner was allowed to amend the petition "to include *United States v. Booker,* [543 U.S. 220 (2005),] as being relevant to petitioner's ground two for habeas relief," and to add the following ground for relief based on Ohio case-law applying the Supreme Court's decisions in *Booker* and *Blakely v. Washington,* 542 U.S. 296 (2004):

> **Ground Three:** The state trial court erred to the prejudice of petitioner by imposing more than the minimum prison term on Counts 1, 2, 31, and 47 when such a sentence was not supported by law. . . .[T]he state trial court denied petitioner his Sixth Amendment rights of jury input or petitioner['s] admitting to factual findings implicit in Ohio Revised Code, Section 2929.14(B)(2) exceptions in imposing minimum prison terms to those class of persons who never served prior prison commitments.

(*See* Docs. 9, 10, 11).

In response to the petition, respondent concedes that the petition is not barred from review on statute of limitations grounds. (*See* Doc. 5, Brief, p. 7). Respondent contends that (1) petitioner has waived his first ground for relief, because he failed to present it as a claim of error on direct appeal in the state courts; (2) petitioner's second ground for relief "is without merit and not cognizable for purposes of federal habeas review;" and (3) with respect to the petitioner's amendments to the petition allowed by the Court on September 8, 2005, "[p]etitioner's reliance on *Blakely* and *Booker* is misplaced as these cases are **not** applicable to Ohio's sentencing scheme and have no retroactive application in a collateral action for federal habeas relief." (Doc. 5, Brief, pp. 8-11; Doc. 12, pp. 2-5 (emphasis in original)).

6

In a "traverse" brief, petitioner has submitted evidence in response to respondent's waiver argument indicating that during the pendency of the instant action, he filed a *pro se* post-sentence motion to withdraw his guilty pleas pursuant to Ohio R. Crim. P. 32.1 with the Hamilton County Common Pleas Court, wherein he apparently alleged "that the State violated the terms of the plea bargain by commenting at sentencing on the other charges that were dismissed in the plea barg[ai]n." (*See* Doc. 14, p. 8 & Ex. 2, p. 2). The motion was denied without opinion on April 25, 2005. (*Id.,* Ex. 3).

Petitioner appealed to the Ohio Court of Appeals, First Appellate District, asserting as assignments of error that (1) the "trial court committed prejudicial error by denying [his] motion to withdraw his pleas of guilty where [he] demonstrated the State of Ohio's prejudicial breach of stipulated plea agreement," stemming from the State's introduction at the "original sentencing hearing" of "unrelated materials/exhibits" that had been improperly attached to the "original presentence investigation report;" and (2) the "trial court abused its discretion in failing to conduct an evidentiary hearing" based on his allegations regarding the State's breach of the "stipulated terms of [the] plea agreement." (*See id.,* Appendix 1). On December 14, 2005, the Ohio Court of Appeals issued a Judgment Entry affirming the denial of petitioner's post-sentence motion to withdraw his guilty pleas. (*Id.,* Ex. 6).

Petitioner has been granted leave by separate Order issued this date to expand the record to include documents indicating that he sought leave to appeal further to the Ohio Supreme Court. (*See* Docs. 16, 17). Recently, on May 10, 2006, the Ohio Supreme Court denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question." (Doc. 17, Appendix A).

## OPINION

### Petitioner Is Not Entitled To Relief Based On His Claims Challenging His Sentence, Which Are Alleged As Grounds For Relief In His Amended Petition

In Ground One of the petition, petitioner essentially contends that he was denied due process at sentencing because the State "submitted prejudicial material and exhibits to the sentencing court" for consideration in breach of the terms of the "stipulated plea agreement."[2] (Doc. 1, p. 5). In Ground Two, petitioner asserts that he was denied due process at sentencing because the court "explicitly relied upon improper and material false factors" in deciding petitioner's sentence. (*Id.*). He further contends in support of Ground Two and as a third ground for relief that his Sixth Amendment rights were violated under the Supreme Court's *Blakely* and *Booker* decisions.[3] (Docs. 9, 10).

---

[2] Because it appears that petitioner presented this claim to the Ohio courts in his post-sentence motion to withdraw his guilty pleas filed during the pendency of this action, *see supra* pp. 4-5, the Court will assume without deciding that petitioner has not waived the ground for relief alleged in Ground One, as respondent has argued in the return of writ.

[3] It appears from the record presented that petitioner never raised his claim for relief based on *Blakely* and *Booker* to the Ohio courts for consideration. Therefore, a strong argument can be made that petitioner has waived this argument in support of Ground Two and also as his third ground for relief due to his procedural default in the state courts. However, because respondent has not raised a waiver defense with respect to this claim, the Court will assume without deciding that such claim is not waived.

8

In this case, the Ohio Court of Appeals was the only state court to issue reasoned decisions addressing the merits of petitioner's claims challenging his sentence that were presented on direct appeal and in his post-sentence motion to withdraw his guilty pleas. First, in the direct appeal proceedings, the court made findings of fact, which are presumed correct under 28 U.S.C. § 2254(e)(1),[4] and rejected petitioner's claim alleged in Ground Two that the trial court relied on improper factors in sentencing petitioner in relevant part as follows:

> Jackson's offenses stemmed from a counterfeit-check operation involving several people and resulting in the loss of thousands of dollars. His convictions resulted from facts showing that, as a principal, or in complicity with others, he had obtained, by deception, $500 or more from both Provident Bank and Cincinnati Central Credit Union. At the time of his arrest, Jackson led police on a high-speed chase, violating traffic laws, driving in a reckless manner, and endangering his life and the life of others. The police arrested him after his vehicle struck a pole.

****

---

[4] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Petitioner has neither cited nor presented any evidence to rebut the Ohio court's factual findings quoted herein. Therefore, petitioner has not demonstrated by clear and convincing evidence that such findings are erroneous.

> In his third assignment, Jackson argues that his sentencing hearing was fundamentally unfair because the trial court considered irrelevant factors. Specifically, he complains that the trial court considered alleged criminal activities that had not been prosecuted. We find no merit to this argument. The trial court heard evidence that Jackson had caused in excess of $100,000 in losses, but it said that it was considering only those offenses to which he had pleaded guilty. It also stated that it was not going to assume for sentencing purposes that he was the leader of the counterfeit-check operation.
>
> The trial court did state that it had considered Jackson's prior record, his lack of success with federal probation, his past unsuccessful drug treatment, the dangers associated with a high-speed chase during the afternoon, and the testimony of witnesses at trial, along with the presentence investigation report–all proper factors. (We question the propriety of exhibits attached to the state's sentencing memorandum concerning charges unrelated to those for which Jackson was being sentenced, as well as the inclusion of such material in the presentence-investigation report. The trial court indicated, however, that it was not considering this information.) We overrule Jackson's third assignment.

(Doc. 5, Ex. 16, pp. 2-3).

In its decision on appeal from the denial of petitioner's post-sentence motion to withdraw his guilty pleas, the Court of Appeals also rejected petitioner's claim alleged in Ground One stemming from the State's alleged breach of the parties' plea agreement. (Doc. 14, Ex. 6). The court reasoned in pertinent part:

> . . . .Jackson challenged his sentence in a previous appeal, arguing that his due process rights were violated when the trial court considered evidence pertaining to the forty-seven dismissed charges at the time that it sentenced him. . . . We rejected this argument on the basis that the trial court had explicitly stated on the record that it did not consider evidence from the dismissed charges when it sentenced Jackson. . . . Jackson subsequently moved the trial court to allow him to withdraw his guilty pleas under Crim.R. 32.1. He once again claimed that he was prejudiced by the trial court's consideration of improper evidence at the time that it sentenced him. The trial court denied Jackson's motion without a hearing. Jackson now appeals from that order.

\*\*\*\*

> A trial court may grant a post-sentence motion to withdraw a guilty plea to correct a manifest injustice. Crim.R. 32.1. "Manifest injustice" is an extremely high standard that permits the withdrawal of a guilty plea only in extraordinary cases. . . . An evidentiary hearing on a post-sentence motion to withdraw is warranted when the facts, as alleged by the defendant, indicate that a manifest injustice will occur if the guilty plea is allowed to stand. . . . If the record irrefutably contradicts the defendant's allegations, an evidentiary hearing is not required. . . .
>
> In this case, Jackson asserts that "manifest injustice" occurred at his sentencing hearing when the state submitted materials to the court pertaining to the forty-seven charges that had been dismissed. But the record irrefutably contradicts Jackson's allegations of manifest injustice. This court has already determined that Jackson was not prejudiced by the submission of improper materials at the time of sentencing, because the trial court did not rely on these materials when it sentenced him. . . . Consequently, we hold that the trial court did not abuse its discretion when it declined to grant Jackson a hearing on his motion, nor did it abuse its discretion when it overruled Jackson's motion to withdraw his guilty plea.

(*Id.*) (citations to state cases omitted).

As an initial matter, to the extent petitioner alleges he is entitled to relief based on violations of Ohio law that were determined against him by the state courts, this Court is precluded from reviewing such claims of state-law error in sentencing. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) (it is "not the province of a federal court to reexamine state-court determinations on state-law questions").

11

Therefore, this Court will not upset the state trial court's sentencing determination unless the alleged errors amounted to a violation of petitioner's constitutional rights. *Cf. Terry v. Trippett,* 62 F.3d 1418 (table), No. 94-2077, 1995 WL 469424 (6th Cir. Aug. 7, 1995) (unpublished) (petitioner, who alleged that his state sentence was disproportionate, "essentially [was] asking the court to rule on a matter of state law which rarely serves as a basis for habeas corpus relief"). Petitioner has not demonstrated, however, that constitutional error occurred in this case that may be remedied on federal collateral review of his state conviction.

First, the Court rejects petitioner's claim, which is alleged in Ground Three and in support of Ground Two of the petition, that he is entitled to relief because he was sentenced in violation of his Sixth Amendment rights as determined by the Supreme Court in its recent *Blakely* and *Booker* decisions. The Sixth Circuit has held these decisions do not apply retroactively to collateral review proceedings such as this, where the underlying conviction became final on direct review prior to the time *Blakely* and *Booker* were decided. *See, e.g., Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir.), *cert. denied,* 126 S.Ct. 199 (2005); *Spiridigliozzi v. United States,* 117 Fed.Appx. 385, 394 (6th Cir. Nov. 15, 2004) (not published in Federal Reporter); *see also Williams v. Haviland,* No. 04cv7054, 2005 WL 1566762, at *5 n.2 (N.D. Ohio July 1, 2005) (unpublished); *Mayle v. United States,* No. 5:04cv1775, 2005 WL 1154186, at *6-7 (N.D. Ohio May 16, 2005) (unpublished); *Mosby v. Turner,* No. 3050669, 2005 WL 2175173, at *2 (M.D. Tenn. Aug. 31, 2005) (unpublished); *United States v. McCarty,* No. Crim.A. 7:99-22-JMH, Civ.A. 7:05-16-JMH, 2005 WL 1079274,

at *2 (E.D. Ky. May 3, 2005) (unpublished) (and cases cited therein); *Patterson v. United States,* No. Civ.A. 03-cv-74948, Crim. 96-cr-80160, 2004 WL 1615058, at *4 n.3 (E.D. Mich. July 2, 2004) (Report & Recommendation) (unpublished), *adopted,* 2006 WL 680841 (E.D. Mich. Mar. 13, 2006) (unpublished). Therefore, this Court is precluded from considering whether petitioner's sentence is unconstitutional under *Blakely* and *Booker*.

Second, petitioner has not demonstrated that he is entitled to habeas relief based on the merits of the claims asserted in Grounds One and Two of the petition challenging the propriety of the materials and exhibits attached by the State to its sentencing memorandum and the pre-sentence investigation (PSI) report, as well as the trial judge's reliance on certain purportedly "improper and false factors" in determining his sentence. As the Ohio Court of Appeals found in rejecting these claims of error, the trial judge explicitly stated on the record at the sentencing hearing that she had not considered irrelevant evidence concerning the 47 dismissed charges or the arguably improper exhibits attached to the State's sentencing memorandum and the PSI report in determining the appropriate sentence. Specifically, the judge stated:

> Now, I recognize that the State and the victim impact statements reflect in excess of $100,000 in losses. I recognize that the State charged you with many counts, I forget exactly how many. *But for purposes of sentencing, I'm only going to look at the ones you pleaded guilty to.*
>
> Count One, engaging in pattern of corrupt activity; Two, failure to comply with a police officer's signal; Thirty-One, a theft charge; and Forty-seven, a theft charge. So those are the only ones I'm looking at for purposes of sentencing.
>
> ****

13

> . . . . I also have a letter that you wrote me, that I read yesterday. And just for clarification purposes, I don't see – you deny being a ringleader, being the main person, that sort of thing.
>
> *For sentencing purposes, I'm not going to assume you were the ringleader,* but I am going to assume you are guilty of Count One, engaging in a pattern of corrupt activity.

(*See* Doc. 5, Ex. 10, Tr. 168-69) (emphasis added).

The Ohio Court of Appeals found that petitioner's "prior record, his lack of success with federal probation, his past unsuccessful drug treatment, the dangers associated with a high-speed chase during the afternoon, . . . the testimony of witnesses at trial, [and] the presentence investigation report" were all "proper factors" for the trial court to consider in determining petitioner's sentence. (*Id.*, Ex. 16, p. 3). Petitioner suggests in the petition that the evidence submitted in support of the State's position and relied on by the trial court, consisting of petitioner's prior convictions for "numerous crimes" and his "extensive involvement in [the] organization" that committed the criminal acts, was "false." (*See* Doc. 1, p. 5). However, the record belies this general assertion. At sentencing, petitioner agreed that he was on "federal probation" and did not contest that he also was on Hamilton County probation and had "numerous prior convictions for theft-related offenses and passing bad checks." (Doc. 5, Ex. 10, Tr. 167). The only statement he challenged was that he had served time in prison. (*Id.*, Tr. 168). When the trial judge was informed that in fact petitioner had never gone to prison, she stated in response: "Let me change my findings on that." (*Id.*).

14

Contrary to petitioner's contentions, the trial court properly based its decision to impose consecutive sentences and "sentences in excess of the minimum" because (1) the "failure to comply" offense charged in Count Two "involved a high-speed chase that "presented a substantial risk to not only [petitioner's] safety, and the police officers' safety, but also the community's safety;" (2) petitioner was "not a candidate for community control" given his unsuccessful past history in that type of placement; and (3) of "the scope of the activity to which [petitioner] pleaded guilty, with respect to Count One." (*See id.,* Tr. 189-91). Moreover, the court refused to impose the maximum sentence, which it found was not "appropriate" under the circumstances of this case. (*Id.,* Tr. 191).

The Court has reviewed the transcript of petitioner's sentencing hearing, and finds that the hearing comported with due process. The trial judge listened to counsel's arguments, provided petitioner with an opportunity to present a statement in mitigation, and carefully considered all the relevant evidence submitted by both parties before imposing sentence.

Accordingly, the Magistrate Judge recommended in the foregoing Report and Recommendation that petitioner is not entitled to habeas corpus relief based on the claims alleged in the petition challenging his ten-year prison sentence upon entry of guilty pleas to the four charges set forth in Counts 1, 2, 31 and 47 of the 51-count indictment.

In Branch III of petitioner's objections to the Report and Recommendation (doc.. no. 20), petitioner suggests he is entitled to an evidentiary hearing in this Court under *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745 (1963) because the state trial court denied his post-sentence Motion to Withdraw his guilty pleas without a hearing. This Court agrees with the ruling of the

15

Ohio Court of Appeals as set forth in the Report and Recommendation which held that an evidentiary hearing is not required when, as here, the record irrefutably contradicts the defendant's allegations.  The request for an evidentiary hearing is **DENIED**.

Additionally, on December 20, 2006, petitioner Jackson filed a "Motion to Expand the record and the conducting of relevant discovery of Habeas" (doc. no. 24).  The petitioner correctly points out that under the All Writs Act, 28 U.S.C. § 1651, the Court has the authority to issue a discovery order in connection with a habeas corpus proceeding pending before it when the discovery is "essential to render the habeas corpus proceeding effective." *Hodges v. Bell*, 170 Fed. Appx. 389, 393 (6th Cir. 2006).  Petitioner also cites, *Harris v. Nelson*, 394 U.S. 286 (1969) for the proposition that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."  Upon reviewing each of petitioner's twenty-nine "requested admissions," this Court finds that none of the specific allegations that petitioner makes in them, if fully developed, would demonstrate that petitioner is entitled to relief.  Petitioner merely repeats previous allegations and does not allege any relevant specific facts that would change the Court's analysis, *supra.*  The Motion (doc. no. 23) is **DENIED**.

In Motions of March 19, 2007 (doc. no. 25) and April 13, 2007 (doc. no. 26), petitioner requests the Court address his petition in an expedited manner. Those motions are now moot as the Court has made a final determination on each of petitioner's grounds for relief. The Motions (doc. nos. 25 and 26) are **DENIED**.

Upon careful consideration of the petitioner's objections, and upon conducting a *de novo* review of the record, especially in light of petitioner's objections, the Court finds that petitioner's contentions have either been adequately addressed and properly disposed of by the Judge or present no particularized arguments that warrant specific responses by this Court. The Court finds that the Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Judge that petitioner's Petition for Writ of Habeas Corpus is without merit.

Accordingly, the Court accepts the factual findings and legal reasoning of the Magistrate Judge and hereby **ADOPTS** his Report and Recommendation (doc. no. 19).

Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended, (Docs. 1, 4, 9, 10) is **DENIED WITH PREJUDICE**.

A certificate of appealability shall not issue with respect to the three claims for relief alleged in the amended petition, all of which were addressed on the merits herein, because petitioner has not made a substantial showing that such grounds for relief state "viable claim[s] of the denial of a constitutional right" or are "adequate to deserve encouragement to proceed further." See *Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

- 17 -

With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court does **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENIES** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                              s/Herman J. Weber
                                             Herman J. Weber, Senior Judge
                                             United States District Court